**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4144**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

HANK AARON JOHNSON,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:06-cr-00185-RJC-1)

Submitted:  October 7, 2019          Decided:  October 16, 2019

Before WILKINSON and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hank Aaron Johnson appeals from the district court's order revoking his supervised release and imposing a 14-month sentence, followed by an additional 18 months of supervised release.

Johnson does not challenge the revocation of his supervised release as he admitted to violating its terms by failing to comply with mandatory drug testing and failing to make required court payments. He argues on appeal that his 14-month sentence is unreasonable because the Government agreed to an 8-month sentence, and the district court failed to adequately explain its reasons for rejecting the Government's recommendation. This court "will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). In determining whether a revocation sentence is unreasonable, this court is informed by the same procedural and substantive considerations that guide its review of original sentences, but strikes a more deferential appellate posture. *Id.* The district court "retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Id.* (alterations and internal quotation marks omitted). In exercising such discretion, the "district court is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) [(2012)]." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). This court presumes that a sentence within the policy statement range is reasonable. *Id.* at 642.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A, intro. cmt. (3)(b) (2018). According to 18 U.S.C. § 3583(e) (governing supervised release revocations), the court also must consider some of the specific factors enumerated under 18 U.S.C. § 3553(a), although the court is not permitted to consider the need for the sentence "to reflect the seriousness of the offense, to promote

3

respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439. We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Thus, although the district court may not rely "predominately" on the § 3553(a)(2)(A) factors in selecting a revocation sentence, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

With these standards in mind, we have reviewed the record, including the transcript of the revocation hearing, and find that Johnson's 14-month sentence is both procedurally and substantively reasonable. The district court discussed the appropriate factors and explained the reason it chose to impose a sentence higher than that recommended by the parties. The court also acted within its discretion in finding that an 18-month term of additional supervision was warranted, given Johnson's failure to comply with the terms of his supervision. Moreover, Johnson specifically agreed to the additional 18-month term. Under 18 U.S.C. § 3583(h) (2012), the district court may impose an additional term of supervised release "not [to] exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Johnson's original conviction was a Class C felony, for which the district court is authorized to impose supervised release of up to three years. 18 U.S.C. § 3583(b)(2) (2012). Therefore, the district court could impose a term of up to 22 months of supervised release.

We therefore affirm Johnson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court.

*AFFIRMED*